UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Phillip Wendell Hogan,

     Plaintiff,

v.                           Case No. 15-10923

Visio Financial Services, Inc.,           Honorable Sean F. Cox

     Defendant.

_____/

**ORDER
DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
OVER PLAINTIFF'S STATE-LAW CLAIMS
AND REMANDING THOSE CLAIMS**

On or about March 3, 2015, Plaintiff filed this action in Wayne County Circuit Court, asserting claims relating to a residential mortgage.

On March 12, 2015, Defendant removed the action to this Court based upon federal question jurisdiction.

This Court has federal question jurisdiction over that portion of Count I that asserts a claim based upon the Real Estate Settlement Procedures Act ("RESPA"). All of the remaining claims asserted in the complaint, however, are state-law claims.

Defendant asks this Court to exercise supplemental jurisdiction over the state-law claims in Plaintiff's complaint. (*See* Notice of Removal at ¶ 10).

The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when:

1) the claim raises a novel or complex issue of State law;
2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
3) the district court has dismissed all claims over which it has original jurisdiction, or
4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Having reviewed the state-law claims in Plaintiff's complaint, this Court concludes that Plaintiff's state-law claims predominate. 28 U.S.C. § 1367(c)(2). In addition, the Court finds that the potential for jury confusion in this case would be great if Plaintiff's federal claims were presented to a jury along with Plaintiff's state-law claims. Thus, the potential for jury confusion is yet another reasons for this Court to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Padilla v. City of Saginaw*, 867 F.Supp. 1309 (E.D. Mich. 1994); 28 U.S.C. § 1367(c)(4).

Accordingly, **IT IS ORDERED** that this Court **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION** over Plaintiff's state-law claims (Counts II, III, and any portions of Count I that are based upon state law) and those claims are hereby **REMANDED** to the Wayne County Circuit Court.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 18, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 18, 2015, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager