UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP WENDELL HOGAN,

        Plaintiff,                    Civil Action No. 15-10923
                                                Honorable Sean F. Cox
                                                Magistrate Judge David R. Grand
v.

VISIO FINANCIAL SERVICES, INC.,

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT [7]**

**I.    RECOMMENDATION**

Plaintiff Phillip Wendell Hogan ("Hogan") commenced this action against defendant Visio Financial Services, Inc. ("Visio") seeking to invalidate the foreclosure sale of his property and compel defendant to engage in good faith negotiations of a loan modification. Before the Court is Visio's motion to dismiss the complaint. [7]. Hogan filed a response, to which Visio filed a reply. [12, 13]. The motion has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the Court RECOMMENDS that Visio's motion [7] be GRANTED.

**II.    REPORT**

    **A.    Background**

On October 8, 2013, Hogan executed a mortgage loan with Visio in the amount of $28,856. [1, Ex. 1, 2].[1] The mortgage was secured by Hogan's property located at 14035

---

[1] A reviewing court's consideration of a motion to dismiss under Rule 12(b)(6) is ordinarily confined to the pleadings. *Jones v. City of Cincinnati,* 521 F.3d 555, 562 (6th Cir. 2008). Thus,

Archdale in Detroit, Michigan. [*Id.*]. The mortgage was duly recorded in the Wayne County Register of Deeds on October 23, 2013 and provided that the mortgagee could sell the property in the event Hogan defaulted on the mortgage. [*Id.*, Ex. 2 at 8]. Since then, the mortgage changed hands several times as Visio initially assigned the mortgage to VFS Lending Services IV, LLC ("VFS") [*Id.*, Ex. 3],VFS assigned it to Atalaya Administrative, LLC [*Id.*, Ex. 4],and Atalaya finally assigned it back to Visio on May 7, 2014. [*Id.*, Ex. 5].

What happened next is not entirely clear. Hogan does not acknowledge whether he ever defaulted on the mortgage and, although he admits to making an unsuccessful attempt at some form of loan modification or loss mitigation, the record is devoid of any written correspondence between the parties substantiating these efforts. What is clear is that Visio commenced foreclosure proceedings by publishing the notice of foreclosure in the Wayne County Legal News for four weeks in a row, starting on July 25, 2014 [*Id.*, Ex. 7 at 2], and on September 4, 2014 Visio purchased the property at the foreclosure sale for $44,199.61. [*Id.*, Ex. 7 at 1].

With the redemption period set to expire on March 4, 2015 [*id.*], Hogan filed this action in Wayne County Circuit Court on March 3, 2015, alleging causes of action for wrongful foreclosure under state law and the Real Estate Settlement Procedures Act ("RESPA")[2], breach

---

assessment of the complaint's facial sufficiency ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.,* 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 335-36 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino,* 593 F.3d 459, 463 n.1 (6th Cir. 2010). In addition, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010) (quoting *Commercial Money Ctr.*, 508 F.3d at 335-36). All of the documents referenced herein satisfy these standards.

[2] In his prayer for relief with respect to these particular claims, Hogan sought only equitable relief, including a declaration that any foreclosure proceedings are null and void, and an order

of contract, and fraudulent representation. Hogan asserts, in part, that Visio initiated foreclosure proceedings while the parties were still negotiating a potential loan modification. In addition, Hogan requested an *ex parte* temporary restraining order to extend the redemption period. [*Id.* at 62-63]. The state circuit court granted the requested relief and scheduled a show cause hearing on March 13, 2015. [*Id.* at 68-71]. The day before the hearing, Visio removed this case to the United States District Court for the Eastern District of Michigan. [1]. Only Hogan's RESPA claim remains pending before this Court, since his state law claims were remanded to the Wayne County Circuit Court. [5]. In its motion to dismiss the complaint, Visio principally asserts that Hogan's RESPA claim lacks merit because the equitable relief that Hogan seeks is not available under the statute or its implementing regulations.

### B.     Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly,* 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally

---

setting aside the Sheriff's Sale of the property, rescinding the Sheriff's deed, and requiring Visio to negotiate in good faith with Hogan towards a "reasonable loan modification…" [1, Ex. 1 at 13].

cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly,* 550 U.S. at 555–56).

In deciding whether a plaintiff has set forth a "plausible" claim, a reviewing court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus,* 551 U.S. 89, 94 (2007). This tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal,* 556 U.S. at 678; *see also Twombly,* 550 U.S. at 555; *Howard v. City of Girard, Ohio,* 346 F. App'x 49, 51 (6th Cir. 2009). Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

**C. Analysis**

Hogan's RESPA claim should be dismissed because the statute does not provide for the equitable relief that he seeks.

Pursuant to the regulations promulgated under RESPA, loan servicers must provide borrowers with an opportunity to submit a completed loan modification application before commencing foreclosure proceedings.[3] 12 C.F.R. § 1024.41(f)-(h). Borrowers may enforce these regulations pursuant to section 6(f) of RESPA, 12 U.S.C. § 2605(f), which limits the available

---

[3] Although Hogan does not specifically point to which foreclosure regulations Visio allegedly violated, the requirements found in 12 C.F.R. § 1024.41(f)-(h), appear to be the most applicable in light of the facts alleged in the complaint.

remedies for any violations to actual damages and the borrower's costs and attorney fees. *See Servantes v. Caliber Home Loans, Inc.*, No. 14-13324, 2014 U.S. Dist. LEXIS 170667, at *2 (E.D. Mich. Dec. 10, 2014) (dismissing RESPA claim where plaintiff sought equitable relief because the statute solely authorizes monetary damages); *Fredericks v. Allquest Home Mortgage Corp.*, No. 15-10429, 2015 U.S. Dist. LEXIS 56447, at *7-8 (E.D. Mich. Apr. 30, 2015) (same). Because Hogan exclusively seeks equitable remedies in the form of a declaration that the foreclosure proceedings are null and void, an injunction to stop the foreclosure, and an order requiring Visio to negotiate a loan modification, *see supra* fn. 2, his RESPA claim is unavailing. Furthermore, "to the extent [Hogan] seeks money damages" his claim also fails because he "has not alleged how a purported violation resulted in actual damages." *Fredericks*, 2015 U.S. Dist. LEXIS 56447, at *7.

In his response, Hogan cites *Houle v. Green Tree Servicing*, 2015 U.S. Dist. LEXIS 53414, at *6 (E.D. Mich. Apr. 23, 2015), for the general proposition that "[b]orrowers have a private right of action against lenders who evaluate a loss mitigation application while at the same time pursuing foreclosure." While this general statement may be true, it is inapposite here; as the *Houle* court recognized, a plaintiff's request to invalidate a foreclosure sale is not a remedy which is available under RESPA. *Houle*, 2015 U.S. Dist. LEXIS 53414, at *8-9. In other words, *Houle* supports Visio's argument, not Hogan's.

Further relying on *Houle*, Hogan asserts that "12 C.F.R. [§] 1024.41 allows the recovery of actual damages from a servicer's failure to follow the rule, plus the borrower's costs and attorney fees incurred in bringing the action." [12 at 8]. But, as stated above, Hogan has not demonstrated his entitlement to money damages because he fails to allege what his damages are,

5

and to the extent there are any, how they might be traceable to Visio's conduct. As a result, Hogan's claim for wrongful foreclosure under RESPA should be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that Visio's motion to dismiss the complaint [7] be GRANTED.

Dated: June 2, 2015  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record

via email addresses the court has on file.

                                        s/Eddrey O. Butts
                                        EDDREY O. BUTTS
                                        Case Manager

Dated: June 2, 2015